Case4:12-cv-02444-YGR Document1 Filed05/14/12 Page1 of 8

ORIGINAL

FILED
2012 MAY 14 P 3:18
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1  DONNA M. MEZIAS (SBN 111902)
   LIZ K. BERTKO (SBN 268128)
2  dmezias@akingump.com
   lbertko@akingump.com
3  AKIN GUMP STRAUSS HAUER & FELD LLP
   580 California Street, Suite 1500
4  San Francisco, CA 94104
   Telephone:  415-765-9500
5  Facsimile:  415-765-9501

6
   Attorneys for Defendant
7  HOME DEPOT U.S.A., INC.

8
9                       UNITED STATES DISTRICT COURT
10
11                     NORTHERN DISTRICT OF CALIFORNIA

                              CV 12 2444    DMR

12 | KUNAAL SHARMA, individually | Case No.
13 | and on behalf of all others similarly |
   | situated, | DEFENDANT'S NOTICE OF
14 |   | REMOVAL OF ACTION PURSUANT
   | Plaintiff, | TO 28 U.S.C. §§ 1332(D)(2), 1441,
15 |   | 1446, AND 1453
16 | v. | [Supporting Declaration of Donna M.
   |   | Mezias, Notice of Related Cases,
17 | HOME DEPOT U.S.A., INC. and | Certification of Interested Entities or
   | DOES 1 through 50, inclusive, | Persons and Civil Cover Sheet Filed
18 |   | Concurrently]
19 | Defendants. | (SAN MATEO COUNTY SUPERIOR
   |   | COURT CASE NO. CIV 513089)

20
21
22
23
24
25
26
27
28 DEFENDANT HOME DEPOT U.S.A, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§
   1332(D)(2), 1441, 1446, AND 1453

202800571 v7

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support thereof, Home Depot states as follows:

1. On April 11, 2012, the above referenced putative class action was filed and is currently pending against Home Depot in the Superior Court of California, County of San Mateo, No. CIV 513089. On April 13, 2012, Home Depot was served with the complaint. Home Depot filed an answer to the complaint in the Superior Court on May 11, 2012. As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon defendant as part of the above referenced action are attached to the Declaration of Donna M. Mezias ("Mezias Decl."), filed concurrently in support of this Notice.

2. Plaintiff, a former employee of Home Depot, alleges that Home Depot "violated California Labor Code section 1998 and Wage Order 7-2001, section 14 by failing to provide suitable seats to plaintiff and other current and former employees." Complaint, ¶ 1. Based on this alleged violation, plaintiff seeks recovery of penalties under the California Labor Code Private Attorneys General Act ("PAGA"). *See* Complaint, ¶¶ 1, 15-19. The complaint describes a putative class consisting of all California-based associates "who worked in the Greeter position at any time from February 7, 2011 to the present and were not provided a seat." *See* Complaint, ¶ 8.

3. <u>Timeliness:</u> Plaintiff filed his complaint in the instant action, No. CIV 513089, on April 11, 2012. Home Depot was served with a copy of the complaint on April 13, 2012. Home Depot's Notice of Removal is therefore timely because it is filed within 30 days of service of the complaint. *See* 28 U.S.C. § 1446(b).

4. <u>Jurisdiction.</u> The above-described action is a civil action for which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441.

1

1. Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…." Pursuant to the Class Action Fairness Act ("CAFA'), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated controversy exceeds $5,000,000 (exclusive of costs and interest). See 28 U.S.C. §§ 1332(d)(2), (d)(6) and d(11)(B)(i).

5. Class Size. In the complaint, plaintiff alleges that "the Class consists of well over 1,000 individuals." See Complaint, ¶ 10. Home Depot accepts as true, for purposes of removal only, plaintiff's allegation regarding the size of the class. Based on plaintiff's allegation, CAFA's 100-person requirement is "presumptively satisfied." See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007).[1]

6. Diversity of Citizenship. At all relevant times, there has been diversity of citizenship between the parties to the action.

7. Plaintiff alleges that he is a resident, and thus a citizen, of the State of California. See Complaint, ¶ 2.

8. Home Depot is not a citizen of the State of California. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Home Depot is not incorporated in California. Rather, Home Depot is a corporation organized

---

[1] The presumption applied by the Ninth Circuit related to the amount in controversy requirement; however, district courts have applied *Lowdermilk* to CAFA's 100-person requirement. See *Coit v. Fidelity Assurance Assocs., LLC*, No. C 08-02585 JSW, 2008 WL 3286978, at *4 (N.D. Cal. Aug. 6, 2008) (where complaint failed to specify size of class, court applied the preponderance of the evidence standard to determine whether CAFA's 100-person requirement had been met); *see also Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *8 (C.D. Cal. Dec. 26, 2007) (court must determine whether the evidence established that it was "more likely than not" that the putative class was a particular size).

DEFENDANT HOME DEPOT U.S.A, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

and incorporated under the laws of the State of Delaware. *See* Complaint, ¶ 3. Nor is California the state in which Home Depot has its principal place of business, which refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Rather, Home Depot's principal place of business is Atlanta, Georgia. *See Ottaviano v. Home Depot U.S.A., Inc.*, Civ. No. 1:09-cv-05125, 2010 U.S. Dist. LEXIS 27279, at *3 (N.D. Ill. Mar. 23, 2010) (Home Depot "is a Delaware corporation with its principal executive offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D. N.J. 2009) (same). Accordingly, this action is between citizens of different states.

      9.    <u>Amount in Controversy</u>. This action meets the jurisdictional requirement of CAFA, because more than $5,000,000 is in controversy. Plaintiff does not allege a specific amount in controversy in the complaint. Where, as here, the plaintiff fails to specify an amount of damages, defendant seeking removal must demonstrate that the amount in controversy requirement has been met. *See Lowdermilk*, 479 F.3d at 998. Home Depot denies that plaintiff's claims have any merit or value, but it avers that the relief plaintiff seeks on behalf of the class exceeds $5,000,000.

      10.    Plaintiff seeks recovery of penalties under the "fallback" provision of PAGA, Labor Code section 2699(f), which provides that for Labor Code sections for which a civil penalty is not specifically provided, PAGA provides a civil penalty of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation. *See* Complaint ¶¶ 1, 15-19; Cal. Lab. Code § 2699(f)(2).

      11.    The term "violation" as used in section 2699(f) is ambiguous, and the courts have not fully resolved its proper construction. Home Depot avers, for purpose of removal only, that plaintiff may argue that each pay period without a seat constitutes a "violation" under section 2699(f). Under that construction, plaintiff may seek

3

DEFENDANT HOME DEPOT U.S.A, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

penalties of $100 for the initial violation (i.e., the first pay period for each class member within the statute of limitations period) and $200 for each class member for subsequent violations (i.e., subsequent pay periods). While Home Depot is not aware of any court that has adopted this construction of 2699(f), it has been accepted for purposes of establishing the amount in controversy at removal. *See Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO, 2010 WL 2793650, at *7 (E.D. Cal. July 14, 2010) (denying remand since defendant's calculation of PAGA damages, which relied on $200 for subsequent pay periods, exceeded $5 million); *Butterworth v. American Eagle Outfitters, Inc.*, No. 1:11cv01203 LJO DLB, 2011 WL 4905641, at *4-5 (E.D. Cal. Oct. 14, 2011) (same).

12. Plaintiff alleges that the class "consists of well over 1,000 individuals." *See* Complaint, ¶ 10. Assuming, for purposes of removal only, that the putative class consists of 1,000 individuals, the penalties sought by the class under PAGA exceed $5 million.

13. Plaintiff seeks to represent a class of employees "from February 7, 2011 to the present." Complaint, ¶ 8. Assuming that each of the 1,000 alleged class members worked each pay period from February 7, 2011 through April 13, 2012, the date the complaint was served, plaintiff may seek penalties of $100 for the initial pay period and $200 for each of the 30 subsequent bi-weekly pay periods through the date the complaint was filed, or $6,100, for each class member, and total penalties of $6,100,000. Thus, CAFA's $5 million amount in controversy requirement has been met.

14. <u>Venue</u>. The United States District Court for the Northern District of California is the judicial district embracing the place where the above referenced action was filed by plaintiff and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

15. There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(4).

WHEREFORE, defendant requests that the above action now pending against it in the Superior Court of California, County of San Mateo, be removed therefrom to this Court. In the event the Court has any reason to question whether removal in this action was proper, Home Depot requests the opportunity to provide briefing on the issue.

Respectfully submitted,

Dated:  May 14, 2012

AKIN GUMP STRAUSS HAUER & FELD LLP

By _____
Donna M. Mezias
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

DEFENDANT HOME DEPOT U.S.A, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

| | |
|---|---|
| 1 | PROOF OF SERVICE |
| 2 | STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO |

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco, CA 94104. On May 14, 2012, I served the document(s) described as:

1. DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453;

2. DEFENDANT HOME DEPOT U.S.A., INC.'S CERTIFICATION OF INTERESTED ENTITIES OR PERSONS;

3. DECLARATION OF DONNA M. MEZIAS IN SUPPORT OF DEFENDANT HOME DEPOT, U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION;

4. DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF RELATED CASES; and

5. CIVIL COVER SHEET

on the interested party(ies) below, using the following means:

*Attorneys for Plaintiff*
Matthew Righetti
John J. Glugoski
Righetti Glugoski, P.C.
456 Montgomery St., Suite 1400
San Francisco, CA 94104

*Attorneys for Plaintiff*
James F. Clapp
Marita Murphy Lauinger
Zachariah P. Dostart
Dostart Clapp Gordon & Coveney, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122-1253

*Attorneys for Plaintiff*
Kevin J. McInerney
McInerney & Jones
18124 Wedge Parkway #503
Reno, Nevada 89511

☐ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☒ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for

PROOF OF SERVICE
EAST 103247382 v1

collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 14, 2012 at San Francisco, California.

                                     */s/ Lorraine France-Gorn*
                                        Lorraine France-Gorn